In the Matter of THE COMPLAINT OF KIRBY INLAND MARINE, L.P. As Owner and Operator of the T/B Hollywood Chem 134 for Exoneration from or Limitation of Liability

No. CIV.A.G–02–383.

United States District Court,
S.D. Texas,
Galveston Division.

Jan. 15, 2003.

Steven Lynn Roberts, Christopher Bowen Daniels, Fulbright & Jaworski LP, Houston, TX, for Kirby Inland Marine, L.P., as owner and operator of the T/B Holloywood Chem 123, and For Exoneration from/or Limitation of Liability, the T/B Hollywood Chem 134, plaintiffs.

Arthur Thomas Kajander, Kajander & Greene, Houston, TX, for Intercontinental Terminals Company, defendant.

***ORDER GRANTING LIMITATION PLAINTIFF KIRBY INLAND MARINE, INC.'S MOTION FOR SUMMARY JUDGMENT OF CLAIMS OF CLAIMANTS CHARLES EDWARD HERMAN AND MARY JANE HERMAN AND DENYING CLAIMANTS CHARLES EDWARD HERMAN'S AND MARY JANE HERMAN'S MOTION TO DISMISS PETITIONER KIRBY INLAND MARINE, INC.'S LIMITATION PETITION***

KENT, District Judge.

On October 25, 2000, Claimant Charles Herman allegedly injured himself when he fell from the main deck of the vessel T/B HOLLYWOOD CHEM 134 into a hopper while performing longshore duties. Based on this alleged accident, Charles Herman ("Herman") and his wife, Mary Jane, (the "Hermans") filed suit in the 212th Judicial District Court in Galveston County, Texas, asserting claims based on fault, negligence, strict liability, and unseaworthiness against the owner of the vessel, Kirby Inland Marine, L.P. ("Kirby"), the T/B HOLLYWOOD CHEM 134, Tug Josephine, Inc., and Intercontinental Terminals Management Company ("ITC"). In response, Kirby filed this action under the Limitation of Vessel Owners Liability Act, 46 U.S.C.App. § 181 *et seq.* (the "Limitation Act"). On June 6, 2002, this Court issued an Order staying the Hermans' state-court action until the resolution of the instant action before this Court. The Hermans filed their answer and claims in this action; Tug Josephine filed an answer and claim against Kirby for indemnity and contribution if Tug Josephine is found liable to the Hermans; and ITC filed an

answer and claim against Kirby for contribution and attorneys' fees if ITC is found liable to the Hermans.

On September 11, 2002, Kirby filed a Motion for Summary Judgment urging dismissal of the Hermans' claims against it. On December 2, 2002, the Hermans timely responded and filed a Motion to Dismiss Kirby's Limitation Petition. On December 18, 2002, Kirby timely responded. For the reasons articulated below, this Court hereby **GRANTS** Limitation Plaintiff Kirby Inland Marine, Inc.'s Motion for Summary Judgment of Claims of Claimants Charles Edward Herman and Mary Jane Herman, and hereby respectfully **DENIES** Claimants' Motion to Dismiss Kirby Inland Marine, Inc.'s Limitation Petition.

## I.

The record reveals the following facts. Herman has been a tankerman for over twenty years. On October 25, 2000, the day that he was allegedly injured, Herman was employed by Fryoux Tankerman Services of Texas, Inc. and was performing tankerman duties aboard Kirby's vessel, the T/B HOLLYWOOD CHEM 134. The T/B HOLLYWOOD CHEM 134 is a liquefied petroleum gas barge with an "open-hopper" design, meaning that the barge does not have decking covering all of its surface, but instead has some void spaces extending into hoppers that reach the bottom of the barge (about fifteen feet deep). October 25, 2000 was the first time Herman had worked aboard the T/B HOLLYWOOD CHEM 134.

Before being injured at approximately 2:00 a.m., Herman had been on the T/B HOLLYWOOD CHEM 134 for thirteen hours, walking about the barge once an hour to inspect it. He was the only worker on the vessel at the time. At about 1:50 a.m., the discharging of the barge was completed and the manifold lines were dis-

connected. Herman went to the bow of the barge and boarded the adjacent tug to give the deckman the completion time for the T/B HOLLYWOOD CHEM 134's cargo operations. Herman then returned to the barge. He stepped backward from the tug onto the barge, and when he had both of his feet on the barge, he attempted to step backward again, but "something," apparently the coaming, caught his foot and prevented him from doing so. As a result, he fell backward into a hopper and suffered significant injuries. At his deposition, Herman testified that there was nothing on the deck of the barge to cause to him to fall, the lighting was sufficient for him to see, and he had a working flashlight with him in case he needed additional lighting.

## II.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). When a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Issues of material fact are "genuine" only if they require resolution by a trier of fact. *See id.*, 477 U.S. at 248, 106 S.Ct. at 2510. The mere *existence* of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *See id.*, 477 U.S. at 247–48, 106 S.Ct. at 2510. If the evidence is such that a reasonable fact

finder could find in favor of the nonmoving party, summary judgment should not be granted. *See id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Dixon v. State Farm Fire & Cas. Co.*, 799 F.Supp. 691, 694 (S.D.Tex.1992) (noting that summary judgment is inappropriate if the evidence could lead to different factual findings and conclusions). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513.

Procedurally, the party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *see also* Fed.R.Civ.P. 56(c). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *See Matsushita*, 475 U.S. at 585–87, 106 S.Ct. at 1355–56; *Wise v. E.I. DuPont De Nemours & Co.*, 58 F.3d 193, 195 (5th Cir.1995). The Court must accept the evidence of the nonmoving party and draw all justifiable inferences in favor of that party. *See Matsushita*, 475 U.S. at 585–87, 106 S.Ct. at 1355–56. However, to meet its burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," but instead, must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.*, 475 U.S. at 586–87, 106 S.Ct. at 1355–56 (quoting Fed.R.Civ.P. 56(e)).

## A. Kirby's Motion for Summary Judgment on the Hermans' 905(b) Claims

■ Kirby seeks summary judgment on the Hermans' claims against it. The Hermans allege that Charles Herman's injuries were caused by Kirby's negligence, and they seek recovery under section 5(b) of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 905(b).[1] Under section 905(b), the "primary responsibility for the safety of the longshoremen rests upon the *stevedore.*" *Burchett v. Cargill, Inc.*, 48 F.3d 173, 178 (5th Cir.1995) (emphasis added) (quoting *Randolph v. Laeisz*, 896 F.2d 964, 970 (5th Cir.1990)). But a *vessel owner*, too, owes duties to longshoremen working aboard his vessel. These duties are the following: (1) the turnover duty, (2) the duty to protect against hazards arising in areas or from equipment under the vessel's active control, and (3) the duty to intervene when the vessel owner knows of a serious hazard and the stevedore improvidently decides to ignore the risk. *Manuel v. Cameron Offshore Boats, Inc.*, 103 F.3d 31, 33 (5th Cir.1997) (citing *Scindia* and *Burchett*).

■ The Parties agree that the turnover duty is the only duty implicated by the facts of this case. The Supreme Court held that a vessel owner's turnover duty extends to:

> [E]xercising ordinary care under the circumstances to have the ship and its equipment in such condition that an ex-

---

1. Section 905(b) reads as follows:

Negligence of vessel. In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person ... may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title, and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void. If such person was employed by the vessel to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel.

pert and experienced stevedore will be able by the exercise of reasonable care to carry on its cargo operations with reasonable safety to persons and property, and to warning the stevedore of any hazards on the ship or with respect to its equipment that are known to the vessel or should be known to it in the exercise of reasonable care, that would likely be encountered by the stevedore in the course of his cargo operations and *that are not known by the stevedore* and would not be obvious to or anticipated by him if reasonably competent in the performance of his work.

*Greenwood v. Societe Francaise De,* 111 F.3d 1239, 1246 (5th Cir.1997) (emphasis added) (quoting *Scindia Steam Navigation Co. v. De Los Santos,* 451 U.S. 156, 167, 101 S.Ct. 1614, 1622, 68 L.Ed.2d 1). A shipowner has *not* breached the turnover duty "if the defect causing the injury is open and obvious and one that the longshoreman should have seen." *Greenwood,* 111 F.3d at 1246 (citation omitted). "If the longshoreman knew of the defect, then it is considered open and obvious." *Id.* (citation omitted).

█ Herman contends that the open-hopper design of the T/B HOLLYWOOD CHEM 134 is the defect that caused his injury. Assuming that the open-hopper design is a defect, certainly it was open and obvious, and Herman does not dispute this. Instead, he argues that an exception to the rule applies in this case. A vessel owner remains liable for injuries caused by open and obvious defects if a longshoreman's only alternatives to facing the hazard are unduly impracticable or time-consuming. *See id.* at 1248 ("[A] shipowner is still liable if the longshoreman's 'only alternatives when facing an open and obvious hazard are unduly impracticable or time-consuming.'") (quoting *Pimental v. Ltd Canadian Pac. Bul,* 965 F.2d 13, 16

(5th Cir.1992)); *see also Manuel,* 103 F.3d at 34 ("[W]hen an independent contractor has actual knowledge of a remediable hazardous condition the vessel owner's turnover duty is not implicated unless the contractor's 'only alternatives would be to leave his job or face trouble for delaying work.'") (quoting *Morris v. Compagnie Mar. Des Chargeurs Reunis, S.A.,* 832 F.2d 67, 70 (5th Cir.1987)).

█ The facts of this case do not implicate the exception. The undisputed evidence shows that Herman was able to perform his work-walking about the deck of the barge-for thirteen hours without incident. Though Herman contends that some type of netting or other passive restraint was needed to prevent him from falling into the hopper, the evidence shows that such measures were not necessary: Herman could have avoided this unfortunate accident by watching his step more carefully-as he did for thirteen hours before his fall. Even assuming that the pits presented an unavoidable hazard, Herman has not provided any evidence, other than his own conclusory affidavit, that his only options to avoid facing danger were to leave his job or face discipline for delaying the T/B HOLLYWOOD CHEM 134's schedule. Thus, the asserted exception does not apply. *See Greenwood,* 111 F.3d at 1248 (finding that the exception did not apply because the plaintiff failed to show that the longshoremen were pressured to continue working with a defective crane); *Manuel,* 103 F.3d at 34 (finding that the exception did not apply because the plaintiff failed to present any evidence that his only options to avoid the defect-an unused mooring line on the deck-were to leave the job or face trouble for delaying the work); *Morris,* 832 F.2d at 71 (finding that the exception did not apply because the longshoreman could have avoided using a defective ladder with almost no interruption

of work). *But see Pena v. Keystone Shipping Co.,* 142 F.Supp.2d 801, 805 (S.D.Tex. 2001) (Kent, J.) (refusing to grant summary judgment because the longshoreman presented evidence that the crew was pressured to keep working despite insufficient lighting).

Herman acknowledges (1) that the turnover duty is the only duty at issue; (2) that the alleged defect-the open-hopper design-is open and obvious; and (3) that the facts must fit within the "no alternative" exception for Kirby to be liable for Herman's injuries. First, the Court seriously doubts Herman's allegations that the barge's design is defective. However, assuming it is, Herman has not presented anything more than his own conclusory affidavit, which states that his only alternative to facing danger was to stop work, leave the barge, and face trouble for delaying his work. Thus, Kirby is entitled to summary judgment.

### B. The Hermans' Motion to Dismiss Kirby's Limitation Action

In their Response to Kirby's Motion for Summary Judgment, the Hermans asked this Court to dismiss Kirby's Limitation Petition. Because the Hermans have attached materials to their Motion to Dismiss, and because the Court has considered these "matters outside the pleadings," it reviews the Motion as a Motion for Summary Judgment under the standard articulated above. *See* Fed. R.Civ.P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . .")

██ "In a limitation proceeding, once an injured seaman establishes that negligence or unseaworthiness caused his injuries, the burden shifts to the vessel owner to establish lack of privity or knowledge of the dangerous condition that caused his injury." *Brister v. A.W.I., Inc.,* 946 F.2d 350, 355 (5th Cir.1991). The Hermans claim that the T/B HOLLYWOOD CHEM 134's open-hopper design was rare and inherently dangerous and caused Herman's injuries. Kirby, however, responds with an affidavit from Herman's employer, James Fryoux, listing various other customers that use similar open-hopper design barges and confirming that "[he had] never heard of any tankerman, in our employ or that of others, falling into this type of barge while walking on or walking along the main deck." This evidence alone could raise a fact issue regarding negligence and unseaworthiness. In addition, this Court has already determined that Kirby did not violate any duties it owed to Herman. Thus, the Court need not address whether Kirby had privity or knowledge of "the dangerous condition that caused [Herman's] injury," because no such dangerous condition has been established. The Hermans' Motion to Dismiss Kirby's Limitation Petition must fail.

### III.

For the reasons articulated above, the Court hereby **GRANTS** Limitation Plaintiff Kirby Inland Marine, Inc.'s Motion for Summary Judgment of Claims of Claimants Charles Edward Herman and Mary Jane Herman, and hereby respectfully **DENIES** Claimants Charles Edward Herman's and Mary Jane Herman's Motion to Dismiss Petitioner Kirby Inland Marine, Inc.'s Limitation Petition. Each Party is to bear its own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**