HULL, Circuit Judge,
concurring.
I concur in full with my colleague’s excellent opinion. I speak separately only to one issue. After a bench trial, the district court entered a final judgment in favor of Petitioner Seaboard on both Seaboard’s petition for exoneration from liability and on the Claimants’ counter-claims for money damages against Seaboard. I agree with the panel opinion that, while the district court properly entered final judgment in favor of Seaboard in this case, the district court erred in ruling that the resolution of this action does not foreclose causes of action that the Claimants may bring against Seaboard as an onloading stevedore. Because this action does foreclose such claims against Seaboard as an onload-ing stevedore and as a vessel owner, I join the panel opinion’s reversal of that particular ruling by the district court.
What I address more fully is the cross-appeal by the Claimants. Specifically, in addition to Seaboard’s Notice of Appeal, *943 the Claimants filed their own separate Notice of Appeal on July 15, 2015, which cross-appealed the district court’s ruling on proximate cause. The district court found that the proximate cause of the tragic accident here was not the conduct of Seaboard but Mr. Hyman’s decision to position himself in the pinch point when giving Mr. Palmer, the mule driver, the order to move forward. The district court did not err in- reaching and deciding that proximate cause issue because it was litigated before the district court. Although nothing here disturbs that ruling, I write to explain further why the Claimants (as Cross-Appellants) have shown no legal error as to the district court’s reaching and ruling on the proximate cause issue.
I. PROCEDURAL BACKGROUND
In this case, the Claimants not only filed an Answer and Affirmative Defenses to Seaboard’s Petition but also filed a separate pleading entitled “Claim of Antwon Hyman and Sieshia Neshay Reid, as Personal Representatives of the Estate of Os-sie Hyman,” seeking damages for the wrongful death of Mr. Hyman. That separate Claim alleged that Mr. Hyman “carefully, properly, and prudently,” performed his duties and that Seaboard was negligent and breached its multiple duties under LHWCA §§ 905, 933, and the general maritime law of the United States. Before the district court, the parties expressly agreed to litigate the proximate cause of the accident, and the Claimants fully litigated the issue before the district court. Indeed, in a January 28, 2015 joint pretrial stipulation, both parties agreed to submit the following issue as an “Issue[ ] of Fact Which Remain[s] to be Litigated at Trial ... [:] What was the legal cause or causes of the accident.” Under principles of negligence law, determination of the legal cause of the accident requires a determination of whether the defendant “actually and proximately caused the plaintiffs injury.” Chaparro v. Carnival Corp., 693 F.3d 1333, 1336 (11th Cir. 2012) (emphasis added).
The district court held a three-day bench trial and reviewed extensive evidence, submitted by both parties, concerning the proximate cause of the accident. This evidence included video of Mr. Hy-man’s conduct on the ramp on the day of the accident, as well as witness testimony concerning the factors that caused the lateral shift of the trailer. After the trial, the district court made an express factual finding that “the proximate cause of Mr. Hy-man’s death'was ... Mr. Hyman’s decision to position himself in the pinch point when giving [the mule driver] the order to move forward—a decision which even his fellow longshoremen found inexplicable.” Thus, the Claimants intended to litigate the issue of the proximate cause of the accident, the district court gave the Claimants a full and ‘ fair opportunity to do so, and the issue was actually litigated.
II. ARGUMENTS IN CROSS-APPEAL
In their own cross-appeal, the Claimants argue that the district court erred by considering Mr. Hyman’s own conduct when determining the proximate cause of the accident. According to the Claimants, the district court’s proximate cause inquiry should focus solely on the conduct of Seaboard, and the conduct of Mr. Hyman is “not material” to the analysis. Indeed, Claimants argue that the district court erred by even reaching the proximate cause issue. Claimants argue that “it was beyond the district court’s jurisdiction in a limitation proceeding to apportion fault on parties other than the vessel owner.” The Claimants cite the decision in Birmingham Southeast, L.L.C. v. M/V Merchant Patriot, 124 F.Supp.2d 1327, 1339 (S.D. Ga. *944 2000) (emphasis added) (“A shipowner is entitled to exoneration from all liability for a maritime [casualty] only when it demonstrates that it is free from any contributory fault.” (quoting American Dredging Co. v. Lambert, 81 F.3d 127, 129 (11th Cir. 1996))).
■ In their reply brief to the cross-appeal, Seaboard argues among other things that Claimants’ own pleadings and the joint pre-trial stipulation raised the issue, and Claimants received what they asked for, which was full adjudication of all of their rights on the merits.
In this regard, I note that in similar limitation proceedings, courts have routinely looked to the conduct of the longshoreman,' as well as third parties, to assist in determining whether the vessel owner’s conduct was a proximate cause of the accident. Indeed, courts have held that a longshoreman’s own negligence can be the sole proximate cause of his accident, precluding any finding that the vessel owner’s conduct was a proximate cause. See In re Kirby Inland Marine, L.P., 241 F.Supp.2d 721, 724-26 (S.D. Tex. 2003) (deciding, in a LHWCA § 905(b) limitation action, that the longshoreman claimant was the proximate cause of the accident and that the vessel interests were therefore free of fault); Trueba v. Flota Bananera Ecuadorian Lines, Inc., 675 F.Supp. 786, 789-90 (S.D.N.Y. 1987) (finding, in a limitation action, that the plaintiff longshoreman’s “own negligent failure” to keep a ship passageway clear of obstruction prevented a finding that the vessel owner was the proximate cause of the accident). See also Sinagra v. Atl. Ocean Shipping, Ltd., 182 F.Supp.2d 294, 300-305 (E.D.N.Y. 2001); Sec. Barge Line, Inc. v. Lewis, 644 F.Supp. 85, 90-92 (E.D. Mo. 1986).
In short, the district court conducted a thorough trial and factual investigation to determine the proximate cause of Mr. Hy-man’s fatal accident and did not err in reaching and ruling on the proximate cause issue.[1] The panel opinion already covers Claimants’ negligence claims against Seaboard as both a vessel owner and an onloading stevedore. My discussion above is to set forth just an additional reason why I join the panel opinion’s statement that “[i]t is hard to imagine what kind of negligence case the Claimants could bring if Mr. Hyman was the proximate cause of the accident.”

. In their cross-appeal, Claimants do not challenge the sufficiency of the evidence to support the district court’s proximate cause finding, but do contend the district court should not have considered Mr. Hyman’s conduct.